IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EUGENE CARTER, II,
    Plaintiff,

vs.	3:05cv491/LAC/MD

HEALTH EASE MEDICAL GROUP,
    Defendant.
_____/

ORDER and
**REPORT AND RECOMMENDATION**

    This cause is before the court upon plaintiff's pleading entitled "in forma pauperis motion in compulsory eccestiactial (sic)" and his motion to proceed *in forma pauperis*. (Doc. 2). Good cause having been shown, leave to so proceed should be granted.

    Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably

meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

This action concerns events that were the subject of a case plaintiff filed in 2002, Case 3:02cv493/LAC/MD, which was dismissed for failure to state a claim, and another case he filed in 2003: Case 3:03cv403/RV/MCR, which was dismissed for failure to prosecute. In the first page of plaintiff's primary pleading, henceforth referred to as plaintiff's "complaint," he states that this is an action for medical malpractice, negligence and discrimination that caused him a personal injury (cardiac arrest) on October 18, 2002. Plaintiff alleges that he sought medical treatment from the office of Dr. Thomas Northlich on October 18, 2002, but that after a significant wait he was denied treatment because the doctor did not accept patients with that type of insurance. One of Dr. Northlich's employees apparently tried to call Health Ease to clear up the confusion, during which time plaintiff began having chest pains and began to feel ill. He stepped outside, paramedics were called, and plaintiff was taken to Baptist Hospital and admitted. He reports that Dr. Northlich visited him in the hospital to see what had happened at his office, and appeared disturbed when he was told that plaintiff had been told he could not be treated. Dr.

Northlich told plaintiff that plaintiff could consent for Dr. Northlich to perform further treatment on him related to plaintiff's heart problems, although plaintiff apparently declined. Plaintiff has attached to the complaint numerous medical records that are temporally unrelated to the date in question.

Plaintiff claims violations of the Fourteenth Amendment, disparate treatment, mental anguish and mental trauma, and he makes reference to *Roe v. Wade*, the ADA and Rehabilitation Acts, the Americans with Disabilities Act, the doctrine of *res judicata*, writs of habeas corpus ad prosequandum or ad testificandum, title 42 U.S.C. § 1983, the 1871 Civil Rights Act, the General Assembly of the United Nations, state law negligence, the right to a speedy trial, and the Ninth Amendment, among other authorities.  Most of these references are inapposite to the facts of this case, and many others provide no basis for federal jurisdiction.  Plaintiff's primary claim, if he has one, appears to be for delay or denial of medical treatment resulting in personal injury, which does not appear related to any actions taken by the lone defendant in this action, Health Ease Medical Group, and in any event is not a proper basis for federal jurisdiction.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

That this case be dismissed pursuant to 28 U.S.C. §1915 for failure to state a claim.

At Pensacola, Florida, this 4th day of January, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:05cv491/MCR/MD*

*Page 4 of 4*

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:05cv491/MCR/MD*